**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TRAFFICWARE GROUP, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action No. 4:18-cv-00425 |
| | § | |
| WESTERN PACIFIC SIGNAL, LLC, | § | |
| | § | |
| *Defendant.* | § | |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant Western Pacific Signal, LLC ("WPS") submits this Reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to dismiss or, in the Alternative, Transfer Venue ("Plaintiff's Response") (Doc. No. 10) and would show the following:

1. Trafficware fails to address, and therefore concedes, the following facts critical to the Court's analysis:

- In 1998, Trafficware, through its predecessor, Naztec, Inc. (collectively "Trafficware"), solicited Mr. Shupp in California to form WPS to sell Trafficware products in California;

- Trafficware representatives travelled to California several times in 1998 to sell Trafficware products and, thereafter, travelled to California many times each year to work with WPS and its West Coast customers;

- WPS did not negotiate or execute any agreement with Trafficware in Texas;

- WPS had no customers in Texas; ;

- WPS never sold anything in Texas;

1

- WPS never offered to sell anything in Texas; and

- WPS' only physical contact with Texas occurred when, at the insistence of Trafficware, WPS representative(s) intermittently attended distributor meetings.

2. Rather than address these facts, the Plaintiff's Response improperly relies on:

- inapposite authorities cited in a conclusory minimum contacts analysis;

- a fallacious argument concerning Trafficware's ongoing maintenance and technical support agreements attached to the Custer Declaration as Exhibit E; and

- a choice-of-law provision in an agreement Trafficware argues was terminated, together with authorities convoluting choice of law with forum selection.

3. Because Trafficware failed to present *prima facie* evidence to affirmatively show that personal jurisdiction over WPS is proper, WPS' Motion to Dismiss or, in the Alternative, Transfer Venue ("Defendant's Motion") (Doc. No. 7) should be granted, and this action should be dismissed.[1]

**A.   Trafficware's Authorities are Inapposite and Distinguishable.**

4. Plaintiff's Response offers general statements of law concerning personal jurisdiction. However, its cited authorities either fail to address factors relevant to the Court's analysis, are *per se* inapplicable, or inapplicable based on a factual distinction that Trafficware conveniently omits from its discussion.

---

[1] Trafficware criticizes WPS for filing an action asserting its affirmative claims in state court in California. There is nothing improper in WPS' California action which asserts claims against Trafficware arising in California, preserves WPS' affirmative claims under applicable statutes of limitation, and provides an alternative forum should the Court grants WPS' request to transfer venue.

5.  "As made clear by the authorities cited in Defendants' Motion, doing business "with" Texas is not enough to confer personal jurisdiction over a non-resident defendant. To the contrary, where, as here, the hub of the parties' business is in the foreign jurisdiction, and the non-resident defendant is not doing business "in" Texas (*e.g.,* no sales, no offers to sell, no customers, in Texas), specific jurisdiction is not extant. In that light, the Court's primary considerations should be: what were the parties trying to do and where did they engage in their business efforts? The answer here is clear: Trafficware and WPS were trying to drive sales in California and were operating cooperatively in California. Not Texas.

6.  By way of example, Trafficware relies on *Betafence USA, L.L.C. v. Davis Distrib., Inc., of Liberty*, 2012 WL 5182909 (N.D. Tex. October 19, 2012) *See* Plaintiff's Response at 7, 11, Appx. at A-40.  Trafficware's discussion, however, omits critical, key facts highlighted in the *Betafence* court's opinion. In *Betafence*, the court relied on the facts that the defendant ***regularly had its own trucks in Texas***, has **at least 56 customers in Texas**, had nearly **$1,000,000 in sales in Texas** in just six months, and intended to have its own truck pick-up products while in route through Texas. *See Betafence*, 2012 WL 5182909 at *3-*4.  In an attempt to overstate the impact of a single shipping term in its agreement with WPS, Trafficware ignores that the FOB term does not provide jurisdiction and, unlike the defendant in *Betafence* which had extensive operations in Texas and the intention to pick up products in Texas, WPS had no customers in Texas and did not plan to pick up goods here.  *Betafence*, 2012 WL 5182909 at *4.

7.  Trafficware's discussion concerning *Solid Systs. CAD Servs. v. Total Rick Techn. Pty. Ltd.*, 2013 WL 3787495 (S.D. Tex. July 18, 2013), similarly omits that court's key findings that the defendant "made ***numerous visits to Houston to negotiate an agreement*…**," and "directed Plaintiff's activities to provide services both in Texas and throughout the United States

from … Texas….” *Solid Systs*, 2013 WL 3787495 *4, emphasis added). Based on those facts, which are clearly inapplicable here, the *Solid Systs* court expressly found that Texas was "the 'hub of the parties' activities.'" *Id.*

8. And again when addressing *AA Advanced Auto, Inc. v. Anderson*, 2007 WL 1091027 (E.D. Tex. Apr. 9, 2007) Plaintiff's Response omits the basis of the court's finding of personal jurisdiction including that, through their contractual arrangement, the parties in *AA Advanced Auto* provided services to "several insurance agencies [operating Plaintiff's online] system with Texas and this district" and that the defendant engaged in tortious conduct, including defamation and slander of title, by disparaging Plaintiff to customers and users in the State of Texas. *AA Advanced*, 2007 WL 1091027 at *3. And, the discussion concerning *Compassware, Inc., v. BeHealth Sols., L.L.C.*, 2018 WL 1041303, ignores that, in that case, during negotiations of their relationship, the defendant initially "travelled to Austin, Texas to meet with the software development team … traveled to Texas three more times over the next twelve months in order to meet with [the team before executing the parties' agreement; and,] it does not appear [Plaintiff] ever met with [Defendant] anywhere other than Texas." *Compassware*, 2018 WL 1041303*3. As noted above, that is not the case before this Court where there is no dispute that Plaintiff solicited WPS in California and that none of the parties' negotiations of their agreement occurred when WPS was in Texas.

9. In sum, the assessment of personal jurisdiction involves a specific, factual inquiry. Here, even a cursory review of the authorities on which Plaintiff relies confirms that these cases are factually dissimilar to the facts before this Court. Trafficware's reliance on conclusory assertions does not establish a *prima facie* case for specific jurisdiction over WPS. *See, e.g.*, *Williams v. Castro*, 21 F. Supp. 2d 691, 693 (S.D. Tex.1998) (finding no specific jurisdiction where

Texas plaintiff initiated contact and formed contract with California defendant); *Valero Marketing and Supply Co. v. General Energy Corp.*, 702 F.Supp.2d 706, 709, 713, 716-17 (S.D. Tex. 2010) (Rosenthal, J.) (finding no specific jurisdiction over non-resident distributor owing $2.8 million to Texas supplier: hub of the parties' activities was outside of Texas, and "the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract [with] a resident of the forum[,] are insufficient to establish the minimum contacts necessary." (quotations and citations omitted).)

**B.      Trafficware's Reliance on the Maintenance Agreement Attached as Exhibit E to the Custer Declaration is Misplaced and Misleading.**

10.     Plaintiff's Response includes the Declaration of Joseph Custer, its CFO ("Custer Decl."). By and large, the Custer Declaration confirms the pertinent facts WPS asserts in its Motion and supports the conclusion that jurisdiction over WPS does not lie. Paragraph 12 and Exhibit E to the Custer Declaration constitute Trafficware's attempt to distinguish authorities cited by WPS by creating the illusion that there was an ongoing software development relationship between the parties. This argument is unavailing and the software development authorities cited by Plaintiff inapposite.

11.     Paragraph 12 of the Custer Declaration alleges Trafficware performed maintenance and software updates from Texas. As purported support for this claim, Mr. Custer references Exhibit E as an example of a maintenance agreement. *See* Custer Decl. ¶ 12, Ex. E; Appx. A-20-21. The referenced maintenance agreement, however, is between Trafficware and the City of Walnut Creek, California and ***does not involve WPS***. Specifically, Exhibit E details Trafficware's obligations under the software maintenance agreement with end-user customers ***in California*** For example, Exhibit E includes the following statements:

> Trafficware Group, Inc. … will provide the City of Walnut Creek, CA (AGENCY) … system maintenance and technical support of the [SOFTWARE] licensed to the AGENCY….
>
> \*\*\*
>
> The fee for … this agreement is $10,000 … the first year, increasing to $12,500 for the next two years, payable by AGENCY to TRAFFICWARE….

Exhibit E, App. A-21. Moreover, the "upgrade," "updates," and "annual 'health check,'" contemplated in Exhibit E take place "via remote access" and "on the IT environment in which ATMS now resides" — in other words, on the City's server in Walnut Creek, California.

12. The focus of the Court's jurisdictional inquiry is on WPS' contacts with Texas, not Trafficware's contacts or the ongoing contract and warranty rights of a California municipality. Trafficware provides no evidence that WPS has the kinds of contacts with Texas that would sustain the exercise of personal jurisdiction over WPS in this action. Viewed objectively, Exhibit E confirms that the hub of the parties' business is in California, that any ongoing maintenance, update, and support "work" by Trafficware was performed on its customers' servers in California, and that, while the code could fortuitously be typed anywhere, the impact of the maintenance, support, and updates occur only in the City of Walnut Creek, California.[2]

13. Referencing Trafficware Data Services, LLC, Trafficware also uses the Custer Declaration as an attempt to transform WPS' work and the dispute between the parties into a software development matter and, manufacture a supposed hub-of-business around software maintenance and support. *See* Custer Decl. ¶ 1. But, there are no claims or allegations in this action involving non-party Trafficware Data Services, LLC and Trafficware's claims and

---

[2] Trafficware asserts that WPS failed to carry its burden to transfer venue because it failed to specifically identify witnesses with the 40 California municipalities who would be unavailable for trial in Texas. This ignores that Trafficware's complaint and its claim for declaratory relief only vaguely references customers it alleges complained about WPS' services and sought information about alternative products. In any event, because all of WPS' customers are municipalities in California and the Pacific North West, their employees will be the most important percipient witnesses, and will be unavailable at trial in Texas.

allegations in this action bear no nexus to data services. In any event, the products subject to Trafficware's collections claims in this action are "commercial off the shelf" or "COTS" software not specially developed for WPS who, as noted above, is not an end user.[3]

**C.      Trafficware's Choice of Law Argument is Disingenuous and Unpersuasive.**

14.    To support its claim that personal jurisdiction in Texas is proper, Trafficware alleges the parties' erstwhile "one-year contract" executed in 2013 was governed by Texas law. Trafficware's reliance is disingenuous and misplaced. First, although it seeks to rely on a choice of law provision in the parties' 2013 agreement, Trafficware goes to great lengths to establish that this agreement terminated by its express terms on January 1, 2014 and that its collections action against WPS is based upon a series of contracts comprised of orders and invoices thereafter. Trafficware does so to avoid the inescapable conclusion that, if the 2013 contract is in effect, then WPS' distributorship rights continue indefinitely by those same express terms. Regardless, even if the choice of law provision was in effect, such a provision is unavailing to establish specific personal jurisdiction over WPS now. *See Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 223 (5th Cir. 2012). ("choice-of-law clause…is not dispositive and not sufficient in itself to establish personal jurisdiction" when, as here, the contacts do not otherwise demonstrate that the defendant "purposefully availed himself of the privilege of conducting business in Texas" (citations and quotations omitted).)

---

[3] Paragraph 14 of the Custer Declaration vaguely restates Mr. Shupp's more specific statement that WPS representatives travelled to Texas between 6 and 8 times in conjunction with national sales/distributor meetings. This does not change the analysis that WPS' contacts with Texas were fortuitous and nominal and were dwarfed by the frequency with which Trafficware traveled to California in furtherance of the parties' efforts to drive sales in California -- their hub-of-business. In fact, in the time since it filed its Motion, WPS believes Trafficware may have hired a fifth employee residing in California.

15. In its motion to dismiss, WPS conceded, as it must, that *if* there was a contract between the parties that included a ***forum-selection clause***, *then* the parties' agreement to litigate in that forum would be dispositive. Yet, as in *Valero*, even a ***forum-selection clause*** (as opposed to a choice of law clause) does not confer specific jurisdiction on claims based on a different agreement that does not have such a clause. *See Valero*, 688 F.3d at 712-13. Plaintiff's Response, by contrast, relies on a ***choice of law provision*** — not a ***forum-selection clause***. As such, the string of citations Trafficware relies on for the proposition that a ***forum-selection clause*** would be enforceable are irrelevant.[4]

## CONCLUSION

16. WPS respectfully requests that Trafficware's First Amended Complaint be dismissed for lack of personal jurisdiction and improper venue or, in the alternative, be transferred to the Northern District of California or dismissed pending Trafficware's election to remove WPS' pending action from the Superior Court of California.

---

[4] Notably, ***none*** of the unexpired exhibits to the Custer Declaration include either ***forum-selection*** or ***choice of law*** provisions. Those attachments include purchase orders by WPS from California (Ex. B), confirmations and invoices Trafficware sent WPS in California (Exs. C, D), and the Maintenance and Support Agreement between Trafficware and the City of Walnut Creek, California (Ex. E).

Respectfully submitted,

**McCLOSKEY ROBERSON, PLLC**


By: */s/Blake E. Rizzo*
    Timothy M. McCloskey
    State Bar No. 13417650
    S.D. Tex. No. 11343
    tmccloskey@mccloskeypllc.com
    Blake E. Rizzo
    State Bar No. 24034073
    S.D. Tex. No. 29684
    brizzo@mccloskeypllc.com
    945 Heights Blvd.
    Houston, Texas 77008
    713.868.5581
    713.767.1275 (fax)

OF COUNSEL:

SKOOTSKY & DER LLP
Ryan J. Meckfessel
(pro hac vice application to be submitted)
California State Bar No. 215952
rmeckfessel@skootskyder.com
90 New Montgomery Street, Suite 600
San Francisco, CA 94105
415.979.9800
415-979-9821 (fax)

**ATTORNEYS FOR DEFENDANT,
WESTERN PACIFIC SIGNAL, LLC**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing has been sent via electronic mail via ECF and/or first class U.S. Mail to the following:

William C. Petit
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd., Suite 900
Houston, Texas 77027

Tiffany A. Blofield
WINTHROP & WEINSTINE, P.A.
225 S. 6th Street, Suite 3500
Minneapolis, Minnesota 55402

on this 16th day of April, 2018.

                */s/Blake E. Rizzo*
                Blake E. Rizzo